1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7  LARRY JAMES BOWERS,                          Case No.  15-cv-03167-JSC

Plaintiff,

8

9   v.                                                      **ORDER OF SERVICE**

10  DAVID, et al.,

Defendants.

11

12                                  **INTRODUCTION**

13          Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983

14  against employees at San Quentin State Prison for providing inadequate medical care.[1]  His

15  application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained

16  below, the complaint is ordered served upon Defendants.

17                                **STANDARD OF REVIEW**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

20  1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

21  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

22  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

23  § 1915A(b).

24          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

26  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

27

28  [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
636(c).  (Dkt. No. 1 at 4.)

United States District Court
Northern District of California

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that since December of 2014, he has been prescribed medication at the prison that makes him vomit and dizzy, and that the daily vomiting caused his throat to become "extremely sore." (Compl. at 3.) According to Plaintiff, he has informed Defendants Nurse Han, Dr. David, and Dr. Tootell about this problem, but they have not changed his medication or allowed him to see a specialist. When liberally construed, these allegations are sufficient to state a cognizable claim against Han, David, and Tootell for being deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment proscription against cruel and unusual punishment.

## CONCLUSION

1.    The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendants **Dr. David, R.N. Han, and Chief Medical Executive Dr. E. Tootell**, at **San Quentin State Prison**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent

United States District Court
Northern District of California

2

form, the complaint with all attachments and a copy of this order, to the California Attorney General's Office.

2.      Defendants shall **each** complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

3.      Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

4.      To expedite the resolution of this case:

a.  No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28** days from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **14** days after the opposition is filed.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

5.      All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

United States District Court
Northern District of California

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 21, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4